The decision of the Division of Public Welfare is reversed.

ROSE GROMACK, PETITIONER-RESPONDENT, v. JOHNS-MANVILLE PRODUCTS CORPORATION, A CORPORATION, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 10, 1977—Decided February 7, 1977.

132

Before Judges CARTON, KOLE and LARNER.

*Mr. Richard H. Thiele, Jr.* argued the cause for respondent-appellant (*Messrs. Wharton, Stewart & Davis,* attorneys; *Mr. Thiele* on the brief).

*Mr. Edward B. Goorno* argued the cause for petitioner-appellee (*Messrs. Weiss, Ehrlich & Goorno,* attorneys; *Mr. Goorno* on the brief).

The opinion of the court was delivered by

KOLE, J. A. D. This appeal by the employer, Johns-Manville Products Corporation (JM), from the amount of counsel fees awarded petitioner's attorney by the Division of Workers' Compensation requires a consideration of the standards to be applied by that Division in fixing such fees and the scope of our appellate review thereof.

In a real sense the fee payable to petitioner's attorney (hereafter "the attorney") is contingent in nature. If there is no compensation awarded to petitioner, the attorney receives no fee for his services. In no event may a fee be payable by petitioner to his or her attorney unless approved by the judge of compensation. Moreover, the total fee awarded the attorney, i. e., the aggregate amount payable by both the employer and petitioner, must be approved by that judge and may not exceed 20% of the judgment. *N. J. S. A.* 34:15–26; 34:15–64; *Moore v. Magor Car Corp.,* 27 *N. J.* 82, 86 (1958); *Haberberger v. Myer,* 4 *N. J.* 116, 122–124 (1950); *Hopler v. Hill City Lumber Co.,* 7 *N. J. Super.* 24 (App. Div. 1950), aff'd 5 *N. J.* 466 (1950); *Schraer v. Southern Trucking Co.,* 112 *N. J. Super.* 450 (Cty. Ct. 1970), mod. on other grounds, 133 *N. J. Super.* 560 (App. Div. 1971), certif. den. 60 *N. J.* 285 (1972).

Our recent opinion in *Barbarevech v. Johns-Manville Products Corp.,* 143 *N. J. Super.* 31 (App. Div. 1976), serves as a guiding precedent. There, where the case before the Division had not been fully tried, we stated that (1) the award of counsel fees within the statutory limits[1] is left to the discretion of the judge of compensation; (2) that discretion is not unbridled; it is limited by the requirement of *N. J. S. A.* 34:15–64 that the fee awarded be reasonable, and (3) although the amount of the award is a factor to be considered

---

[1] The statute, *N. J. S. A.* 34:15–64, authorizes the judge of compensation in his discretion to allow to the party in whose favor a judgment is entered a reasonable attorney fee, not exceeding 20% of the judgment.

in fixing the fee, it has limited significance. The more important factors are the nature and extent of the services and the responsibility involved. These factors include, among other things, the need for the petition, what was really in issue, the difficulty of the issues involved, the extent and nature of the matters contested, the degree of the attorney's expertise and the value of his services to petitioner. *Cf. Detlefs v. Westfield,* 104 *N. J. Super.* 447 (App. Div. 1969).

■ There is no place, in the determination of the amount of the fee to be awarded, for the judge to take into account the number of cases in the Division in which the attorney has received no fee or only a minimal fee, or may have had expenses for which he has not been reimbursed. These are risks which the attorney is required to assume by virtue of the nature of the practice under the Workers' Compensation Act.

■ A further matter may be considered by the compensation judge in the limited fashion hereafter indicated — the extent to which the employer (or its insurance carrier) in good faith should have recognized its liability to petitioner within a reasonable time prior to formally effecting a settlement before the judge of compensation or, if the matter is fully tried to conclusion, prior to the final determination by that judge.

Except as provided by *N. J. S. A.* 34:15-64, an unreasonable and unjustified delay in admitting such liability is not to be considered in fixing the aggregate reasonable attorney's fee to be awarded. *N. J. S. A.* 34:15-64 expressly authorizes that factor to be used in the fee determination where the issue is whether the fee should be based on the full amount of the judgment rather than only on that part thereof in excess of the amount of compensation offered and tendered in good faith or paid by the employer at a reasonable time prior to any hearing. *Coponi v. Federal Industries,* 31 *N. J.* 1, 6–7 (1959); *Moore v. Magor Car Corp., supra.* That is not the situation in the present case.

However, such unreasonable and unjustified delay in admitting liability may be given consideration in the alloca-

tion of the attorney's fee granted as between the employer and the petitioner. Where the judge of compensation is satisfied that there has been such undue delay, he is warranted, in the exercise of discretion, in increasing the portion of the total fee payable by the employer to reflect that fact. The statute does not preclude such action. Moreover, a major objective of the Workers' Compensation Act is to provide a speedy and efficient partial substitute for wages when an employee suffers a compensable disability or death, and to require prompt payment of benefits by the employer after adequate notice thereof. The levy on the employer of a greater proportion of the attorney's fee by reason of unjustified delay would further the incentive "for a prompt response" by it "to the workman's [or his dependents'] claim for benefits." Such action, where appropriate, accords with the "basic duty imposed upon the employer by the act in its entirety". *Moore v. Magor Car Corp., supra,* 27 *N. J.* at 86–87.

■■ We turn to the question of our appellate responsibility in determining the propriety of an attorney's fee awarded by the judge of compensation. In *Barbarevech v. Johns-Manville Products Corp., supra,* 143 *N. J. Super.* at 34–35, we stated that there must be a record that we can scrutinize in reaching that decision; that petitioner's attorney has the burden of demonstrating to the compensation judge the extent of his efforts, including the time actually spent in rendering services, as well as the extent of his expertise and experience in the particular medical-legal field involved and any other factor which he deems relevant to the valuation of his services, and that such proofs should be by affidavit or other testimony related to the issue.[2] We further said that the judge of compensation should make express and specific findings and conclusions demonstrating the basis for his decision as to the attorney's fee awarded. We add that the reasons for allocating the award as between the em-

---

[2]The judge of compensation need require such proofs only in cases involving a request for a substantial attorney's fee.

ployer and the petitioner should also be set forth by the judge.

■ Obviously, the reasonableness of the attorney's fee and the apportionment thereof depend on the circumstances of each case. Moreover, we will modify or set aside an attorney's fee awarded by the compensation judge only if it is manifestly excessive or inadequate and thus involves an abuse of discretion. *Strzelecki v. Johns-Manville,* 65 *N. J.* 341, 320 (1974); *Detlefs v. Westfield, supra,* 104 *N. J. Super.* at 455; *Joy v. Florence Pipe Foundry Co.,* 64 *N. J. Super.* 13, 29 (App. Div. 1960).

What remains is the application of the principles discussed to the case before us.

We have received, upon request, an affidavit of services of petitioner's counsel, as well as that of the attorney for JM. The latter was requested in order that we might have a more complete understanding of the nature and extent of the legal services rendered by and required of petitioner's attorney. In view of the affidavits thus supplied and the record before us, we see no necessity for remanding the matter for further consideration by the judge below. Compare *Barbarevech v. Johns-Manville Products Corp., supra.* Counsel have also filed briefs and orally argued the matter.

■ Petitioner's decedent, the employee, died on October 29, 1974 as a result of mesothelioma, a form of cancer arising from asbestos exposure during employment with JM. On December 12, 1974 JM advised the widow it would pay the benefits. However, for reasons unexplained, no payment was made. On April 18, 1975 a dependency benefits petition was filed with the Division. In June 1975 an answer was filed denying compensability, notwithstanding the December 12, 1974 letter stating that payment would be made. Again, for unexplained reasons, no autopsy material was ordered by JM from the hospital until October 16, 1975. There were three hearings: October 14, 1975, November 25, 1975 and March 25, 1976. Petitioner's attorney prepared the matter as a contested case. Petitioner and her expert, Dr.

Lieb, testified at the first two hearings. On December 16, 1975 the hospital forwarded the requested autopsy data to JM's expert, who reported, on January 10, 1976, that there was a causal relationship between the employment and death. On March 9, 1976 the parties agreed to settle the matter, and the settlement was placed on the record and approved in court at the March 25, 1976 hearing. Petitioner's attorney estimates that he spent about 11 hours on the case, exclusive of para-professional help and research.

The judge awarded $45,000 dependency benefits for the employee's widow and child, and a $7,000 attorney's fee to be paid as follows: $2,000 by petitioner and $5,000 by JM. The allocation was approximately 30% and 70%, as against petitioner and JM, respectively.

We are satisfied that the $7,000 attorney's fee award was manifestly excessive under the circumstances of this case. A reasonable fee should not have exceeded $5,000. In view of JM's unreasonable delay in formally recognizing its plain liability to pay compensation for dependency benefits, the award should be allocated and paid as follows: petitioner, $1,000 and JM $4,000.

The judgment is modified accordingly.[3]

---

[3]We are exercising our original jurisdiction in modifying the percentage allocation of the award, since the delay factor standard for such apportionment is one that is being adopted for the first time by the present opinion. In future cases the allocation will be made by the judge of compensation and will be considered, if appealed, within the usual scope of our review of reasonable attorney's fees.