214 N.J. Super. 130 (1986)
518 A.2d 529
FREDERICK AMOROSA, PETITIONER-APPELLANT,
v.
JERSEY CITY WELDING & MACHINE WORKS (INCORRECTLY REFERRED TO AS J.C. WELDING CO.), RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 1986.
Decided December 4, 1986.
*132 Before Judges MICHELS, SKILLMAN and LANDAU.
D. Gayle Loftis argued the cause on behalf of appellant.
Patrick J. McAuley argued the cause on behalf of respondent (Connell, Foley and Geiser, attorneys; George J. Kenny, of counsel; Edward Solensky, Jr., on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Petitioner-employee Frederick Amorosa appeals from a post-judgment order of the Division of Workers' Compensation (Division) denying his motion for interest pursuant to N.J.S.A. 34:15-28 and a penalty and legal fees pursuant to N.J.S.A. 34:15-28.1 on a judgment he recovered in the Division against respondent-employer Jersey City Welding & Machine Works (incorrectly referred to as J.C. Welding Co.).
The facts necessary to resolve the issues raised on appeal are not in dispute. On June 6, 1979, after working for respondent for 34 years, petitioner terminated his employment because of occupational injuries and a work-related heart attack. On March 19, 1981, petitioner filed a claim against respondent for workers' compensation benefits. On January 29, 1985, following a contested hearing, the Judge of Compensation (Judge) awarded petitioner (1) temporary disability benefits for the period of June 8, 1979 to December 7, 1979, at the rate of $156 *133 per week for a total of $4,056; (2) compensation benefits for 100% of total permanent disability for his occupational injuries and the work-related heart attack in the total sum of $70,200; and (3) an allowance for future medical treatment and medication for these conditions. Respondent did not appeal from that judgment.
Despite petitioner's numerous demands, respondent failed to remit the payments mandated by the judgment. Consequently, on April 22, 1985, petitioner filed a motion for the award of interest pursuant to N.J.S.A. 34:15-28 and the imposition of a penalty and legal fees pursuant to N.J.S.A. 34:15-28.1. Respondent did not file any responsive papers. On May 29, 1985, 120 days after the entry of the judgment and prior to the Judge hearing the motion, respondent paid petitioner the moneys due under the judgment. At the June 26, 1985 hearing, respondent offered no explanation for the delay in making payment. Nonetheless, the Judge declined to award petitioner interest on the judgment. The Judge reasoned that because respondent had viable defenses, the 45-day period for the appeal had to be subtracted from the 120 days between the date of the judgment and the date of payment thereof to determine whether the three-month threshold for awarding interest under N.J.S.A. 34:15-28 had been met. He also suggested that it might be appropriate to subtract the 30-day statutory period referred to in N.J.S.A. 34:15-28.1 from the 120 days when calculating the actual time that payment was withheld. Without stating which method of tabulation he relied upon, the Judge decided that the delay in payment was not unreasonable given the prevailing practice in the New Jersey insurance industry of taking from three to ten weeks to pay even settled judgments.
Similarly, the Judge held that the sanctions authorized by N.J.S.A. 34:15-28.1 should not be imposed in this instance. The Judge concluded that the statute applies "only to the unreasonable or negligent delay or refusal to pay temporary compensation," not to a case "fully litigated in which there are viable defenses." The Judge also determined that the delay in payment *134 was not "unduly unreasonable" because there was a question as to whether sufficient facts had been presented to establish medical causation. This appeal followed.

The Award of Interest Under N.J.S.A. 34:15-28
The power or authority of a Judge in the Division to award interest on a judgment is found in N.J.S.A. 34:15-28. This provision, which appears to be "the only reference to interest in the [Workers' Compensation Act]," Cohrs v. Igoe Brothers, Inc., 71 N.J. Super. 435, 447 (App.Div. 1962); Simon v. N.J. Asphalt & Paving Co., 123 N.J.L. 232, 234 (Sup.Ct. 1939), reads as follows:
Whenever lawful compensation shall have been withheld from an injured employee or dependents for a term of three months or more, simple interest on each weekly payment at five per cent per annum for the period of delay of each payment may, at the discretion of the bureau, be added to the amount due at the time of settlement. [N.J.S.A. 34:15-28].
A threshold requirement for the award of interest under this statute is that lawful compensation shall have been withheld from an injured employee or his dependents for a term of three months or more. When that event occurs, the Judge has the discretion to impose simple interest on each weekly payment at the rate of 5% per year for the period of delay of each payment. Here, respondent withheld payment of the judgment for 120 days, a delay exceeding the three-month statutory period. The Judge therefore had the discretionary authority to impose interest under the statute; however, he declined to do so. Finding that respondent had viable defenses, the judge ruled that the 45 days within which an appeal could have been taken should be subtracted from the 120-day period. By that reasoning, the time that payment was withheld would not have been sufficient to award interest under N.J.S.A. 34:15-28. The Judge also concluded that the delay was not unreasonable in view of the prevailing practice in the insurance industry in this State of taking from three to ten weeks to pay even settled judgments.
*135 The entry of judgment in the Division established the date when compensation was due petitioner and commenced the running of the three-month period set forth in N.J.S.A. 34:15-28. The statute is clear and unambiguous. It does not provide for an exclusion of the 45 days allowed by court rule for appeal in calculating the three-month period. Furthermore, the Judge's suggestion that it might be appropriate also to subtract the 30-day statutory period referred to in N.J.S.A. 34:15-28.1 from the 120-day period of delay is without foundation in law. N.J.S.A. 34:15-28 makes no reference whatsoever to a "30-day period" and N.J.S.A. 34:15-28.1 does not apply when calculating the time that payment was withheld under N.J.S.A. 34:15-28. Moreover, we are satisfied that the Judge's reliance upon the prevailing insurance industry practice in paying settlements and judgments in this State is misplaced. Such a practice cannot override the policy of the Legislature embodied in N.J.S.A. 34:15-28. Finally, when an appeal has not been pursued, the existence of "viable defenses" to a claim does not operate to toll the running of the three-month period under the statute.
Respondent had 45 days within which to appeal the judgment, but chose not to do so. Nonetheless, respondent refused to pay the judgment for 120 days or offer any reason for the delay. Because there was no explanation justifying the delay in payment beyond the statutory three-month period, the Judge's decision not to award interest under N.J.S.A. 34:15-28 constituted a mistaken exercise of discretion. Cf. Atamanik v. Real Estate Management, Inc., 21 N.J. Super. 357, 365 (App. Div. 1952); Greenhaus v. Essbee Amusement Corp., 13 N.J. Misc. 646, 646-647 (N.J.Dept.Labor, 1935); Asbell v. Campbell Morrell & Co., 12 N.J. Misc. 707 (N.J.Dept.Labor 1934). Interest should have been awarded on all temporary benefits and those permanent disability compensation benefits which had accrued as of the date of the judgment, January 29, 1985. The period over which the interest should have been assessed is the 120 days from the time judgment was entered until the payment *136 thereof on May 29, 1985. See Kasiski v. International Paper Co., 31 N.J. 267, 269 (1959).
Accordingly, that portion of the order which denied interest on the judgment is reversed and the matter is remanded to the Judge to award interest on the judgment in accordance with the provisions of N.J.S.A. 34:15-28.

The Imposition of a Penalty and Legal Fees on the Temporary Disability Compensation Award Under N.J.S.A. 34:15-28.1
In addition to seeking interest on the whole judgment recovered in the Division, petitioner sought the imposition of a penalty and legal fees on the temporary disability compensation portion thereof pursuant to N.J.S.A. 34:15-28.1. This statute, which became part of our Workers' Compensation Act on February 27, 1980 with the enactment of L. 1979, c. 468, § 1, provides:
If a self-insured employer or employer's insurance carrier, having actual knowledge of the occurrence of the injury, or having received notice thereof such that temporary disability compensation is due pursuant to R.S. 34:15-17, unreasonably or negligently delays or refuses to pay temporary disability compensation, or unreasonably or negligently delays denial of a claim, it shall be liable to the petitioner for an additional amount of 25% of the amounts then due plus any reasonable legal fees incurred by the petitioner as a result of and in relation to such delays or refusals. A delay of 30 days or more shall give rise to a rebuttable presumption of unreasonable and negligent conduct on the part of a self-insured or uninsured employer or an employer's insurance carrier. [N.J.S.A. 34:15-28.1].
N.J.S.A. 34:15-28.1 mandates the imposition of a penalty of 25% of the amount of any temporary disability compensation due a petitioner plus the reasonable legal fees incurred by him when a self-insured employer or an employer's insurance carrier is unreasonable or negligent in delaying or refusing to pay temporary disability compensation due or in delaying denial of a claim for such compensation. See Harbatuk v. S & S Furniture Systems Insulation, 211 N.J. Super. 614, 629 (App.Div. 1986). The plain intent of the statute is to ensure the prompt *137 payment of temporary disability compensation to disabled workers.
The pivotal issue posed by this appeal is whether the statute is applicable to a final adjudicated award of temporary disability compensation as distinguished from interim payments of such compensation. The Judge held essentially that the statute was not applicable to a fully litigated case where there were viable defenses. We disagree and hold that N.J.S.A. 34:15-28.1 does in fact apply to post-judgment delays in paying temporary disability benefits. The statute does not distinguish between the refusal to pay prior to or after a final adjudicated award. Thus, the very terms of N.J.S.A. 34:15-28.1 support the conclusion we reach.
Moreover, our interpretation of N.J.S.A. 34:15-28.1 comports with the purpose behind temporary disability benefits. We view temporary disability payments to disabled workers as a partial substitute for their weekly paychecks. Therefore such payments should be made promptly. Because of the delay which results when a case is contested, the disabled worker's need for the prompt payment of temporary disability benefits is especially urgent after a final adjudicated award. In such instances, the employee has had to do without a weekly stipend for a longer period than when an employer does not contest the worker's right to such benefits after notice is given pursuant to N.J.S.A. 34:15-17. It is therefore imperative, in contested cases, to discourage additional and unnecessary delay in the payment of temporary disability benefits, and we hold that N.J.S.A. 34:15-28.1 should be applied to that end.
Additionally, the legislative history underlying N.J.S.A. 34:15-28.1 tends to support our view. The two reports cited in the legislative history are the Report of the New Jersey Workmen's Compensation Study Commission (1973) (Study Commission Report) and the Final Report and Recommendations on the Investigation of the Workmen's Compensation System by the New Jersey State Commission of Investigation (1974) (Commission *138 of Investigation Report). These reports recommended the imposition of a penalty for unreasonable delays in paying temporary disability compensation because of the frequency of such delays and their adverse economic impact on disabled workers. The 1973 Study Commission Report, in part, pointed out:
One of the most shocking situations which prevails in New Jersey's workmen's compensation system is the delay which is often encountered in the payment of an injured worker's ... compensation benefits for temporary disability. [Id. at 24].
The report further explained that:
Delays in delivering temporary disability benefits have been cited as one of the major defects of our present system and as one of the causes of the permanent partial problem. No mechanism for directing payment exists since the statute merely provides that after the waiting period, temporary disability shall be paid. N.J.S.A. 34:15-16.
The existing penalty provision is discretionary and can apply only when lawful compensation is withheld for 3 months or more. N.J.S.A. 34:15-28. Obviously, 3 months without wages is enough to bankrupt most employees. Understandably, it is during the time when an employee is not receiving temporary benefits that he feels most neglected and resentful of his employer. A system to insure rapid and prompt delivery of temporary disability benefits in contested as well as uncontested cases is crucial to the well-being of workers. [Id. at 60 (Emphasis supplied)].
The 1974 Commission of Investigation Report likewise recognized the gravity of the disabled worker's plight and recommended the adoption of N.J.S.A. 34:15-28.1, stating:
In order to insure prompt payment of temporary disability to disabled workers, statutory provision should be made for imposition of sanctions upon respondent employers or their insurance carriers who, through indifference or neglect, delay in initiating disability payments or in continuing those payments. Temporary disability payments to disabled workers are a partial substitute for their usual weekly paychecks. Therefore, temporary disability checks should be given the same priority by an employer as he would in rendering the normal paychecks. Petitioners should not have to pry out temporary disability payments from employers of [sic] their insurance carriers. Abuses in this area must be ended.
[Id. at 257].
The foregoing legislative history confirms our holding that N.J.S.A. 34:15-28.1 is applicable in this case. Petitioner therefore had the right to seek the imposition of the penalties provided therein for respondent's 120-day delay in paying the *139 temporary disability compensation portion of the judgment. Contrary to the Judge's view, the presumption of unreasonable and negligent conduct on the part of respondent by not paying the award within the 30-day period was not overcome. Respondent offered no explanation whatsoever for delaying payment. The fact that there may have been a question of medical causation in and of itself is not sufficient to overcome the statutory presumption. Moreover, the prevailing industry practice, upon which the judge relied in determining that respondent's conduct was reasonable, must give way to the clear legislative policy expressed in N.J.S.A. 34:15-28.1 that temporary disability benefits be paid in 30 days.
Accordingly, that portion of the order which denied the imposition of a penalty and legal fees under N.J.S.A. 34:15-28.1 is reversed and the matter is remanded. The Judge is to impose upon respondent the statutory penalty of 25% of the temporary disability compensation award of $4,056 due under the judgment plus reasonable legal fees incurred by petitioner as a result of and in relation to such delay in payment.

SUMMARY
The order under review is reversed and the matter is remanded for further proceedings in the Division consistent with the views expressed in this opinion. We do not retain jurisdiction.