996 A.2d 465 (2010)
413 N.J. Super. 492
Kubra QUERESHI, Petitioner-Appellant,
v.
CINTAS CORPORATION, Respondent-Respondent.
No. A-1848-08T3
Superior Court of New Jersey, Appellate Division.
Argued October 15, 2009.
Decided May 28, 2010.
*467 David Tykulsker, Montclair, argued the cause for appellant (David Tykulsker & Associates, attorneys; Mr. Tykulsker, of counsel and on the briefs; Rosemary DiSavino, Nutley, on the briefs).
Vasiliki Pagidas, Mount Laurel, argued the cause for respondent (Margolis Edelstein, attorneys; Mr. Pagidas, of counsel and on the brief).
Before Judges CUFF, PAYNE and WAUGH.
The opinion of the court was delivered by
CUFF, P.J.A.D.
In this appeal, we are asked to determine whether a judge of compensation must award counsel fees in addition to a penalty when an employer fails to make timely payment of temporary disability benefits and the appropriate standard to fashion the reasonable attorneys' fees allowed by statute. We hold that an award of attorneys' fees is mandatory and the judge of compensation is not limited by the statutory formula governing fee awards following an award of benefits. See N.J.S.A. 34:15-64. We, therefore, reverse and remand for entry of an appropriate fee.
*468 Petitioner Kubra Quereshi filed an amended claim petition in the Division of Workers' Compensation on or about June 12, 2003, for a work-related injury suffered on April 26, 2002. She also filed a claim petition on or about June 30, 2003, alleging an occupational injury to her upper and lower spine, as well as orthopedic, neurologic, and neuropsychiatric injuries. On June 25, 2003, petitioner filed a motion for temporary disability benefits and medical benefits.
The motion was granted on October 22, 2003. In addition to ordering payment of temporary disability benefits to petitioner, the judge of compensation also ordered respondent employer to pay the temporary disability benefits lien of $5,995.40 to the State Department of Labor. The employer was also directed to pay $4,941.92 in past due benefits directly to petitioner, as well as to reimburse petitioner $1,235.25 for out-of-pocket medical expenses, and to pay ongoing temporary disability benefits, medical benefits, and attorneys' fees.
The employer failed to timely pay the temporary benefits as required by the October 22, 2003 order. As permitted by N.J.S.A. 34:15-28.1 (section 28.1), petitioner moved for the imposition of a penalty and other relief. Finding that respondent had paid the benefits more than thirty days after entry of his order and finding no excuse for the late payment, the judge of compensation assessed a penalty of 25% of the temporary benefits owed to petitioner, i.e., $1,235.25, on February 25, 2004. The judge of compensation, however, did not award attorneys' fees. As permitted by Rule 2:5-1(b), the judge of compensation amplified his earlier decision following filing of the notice of appeal.[1] He noted that he had not awarded attorneys' fees because he had awarded fees when he entered his original order for benefits in October 2003, and he considered that award sufficient.
Section 28.1 provides that workers' compensation benefits are to be paid promptly, and a penalty shall be assessed and reasonable attorneys' fees shall be paid when a respondent unreasonably or negligently delays or refuses to pay temporary disability compensation. A delay of thirty days or more gives rise to a rebuttable presumption of unreasonable and negligent conduct by the respondent. The statute provides:
If a self-insured or uninsured employer or employer's insurance carrier, having actual knowledge of the occurrence of the injury, or having received notice thereof such that temporary disability compensation is due pursuant to [N.J.S.A.] 34:15-17, unreasonably or negligently delays or refuses to pay temporary disability compensation, ... it shall be liable to the petitioner for an additional amount of 25% of the amounts then due plus any reasonable legal fees incurred by the petitioner as a result of and in relation to such delays or refusals. A delay of 30 days or more shall give rise to a rebuttable presumption of unreasonable and negligent conduct on the part of a self-insured or uninsured employer or an employer's insurance carrier.
[N.J.S.A. 34:15-28.1.]
Petitioner argues that the award of attorneys' fees is mandatory. Respondent argues that the award remains a discretionary decision.
The rules for ascertaining legislative intent are well known. First, we examine *469 the plain language of the statute "and ascribe to the statutory words their ordinary meaning and significance." DiProspero v. Penn, 183 N.J. 477, 492, 874 A.2d 1039 (2005). If the language is clear, our inquiry is ordinarily complete. Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195, 927 A.2d 543 (2007). A court may consider other sources to determine the meaning of a statute only if the plain language of the statute is susceptible to more than one meaning. Aponte-Correa v. Allstate Ins. Co., 162 N.J. 318, 323, 744 A.2d 175 (2000). When the language is unclear, an available source to determine the meaning of a statute is its legislative history. G.S. v. Dep't of Human Servs., 157 N.J. 161, 172, 723 A.2d 612 (1999).
Here, the language at issue is as follows: "shall be liable to the petitioner for an additional amount of 25% of the amounts then due plus any reasonable legal fees incurred by the petitioner as a result of and in relation to such delays or refusals." (Emphasis supplied). The use of the word "shall" ordinarily denotes action that is mandatory, unless the context suggests otherwise. Greate Bay Hotel & Casino v. Guido, 249 N.J.Super. 301, 303, 592 A.2d 319 (App.Div.1991). Moreover, when the word "plus" is used as a preposition, it commonly means "added to" or "increased by." Webster's II New College Dictionary, 849 (1999). The use in the same phrase of the mandatory "shall" and the word "plus" without any qualifying language plainly signals that the Legislature intended an eligible petitioner to receive not only the statutory penalty but also recompense for the cost incurred to obtain wrongfully or negligently withheld funds. In other words, when a petitioner resorts to the remedy provided by section 28.1 to address delinquent payment of temporary benefits and when a judge of compensation finds that the payment was unreasonably or negligently withheld, the judge must award both the statutory penalty and a reasonable legal fee.
The plain language of the statute and the purpose of the penalty provision each support this interpretation. Section 28.1 was enacted in 1979. As related in the committee statement, this section was the legislative response to two major reports, Report of the New Jersey Workmen's Compensation Study Commission (1973) and the Final Report and Recommendations on the Investigation of the Workmen's Compensation System (1974). Both reports "recommended the imposition of a penalty for unreasonable delays in paying temporary disability compensation because of the frequency of such delays and the adverse economic impact such delays have on disabled workers." Assembly Commerce, Industry and Professions Committee, Statement to A. 643 (March 6, 1978).
This court reiterated the obvious purpose of the statute at issue in Amorosa v. Jersey City Welding & Machine Works, 214 N.J.Super. 130, 137-39, 518 A.2d 529 (App.Div.1986), in which we held that the 25% penalty and payment of attorneys' fees applied to settled as well as contested cases and that the judge of compensation erred in failing to award the penalty and fees in the face of no explanation for the delay in payment. We observed that prompt payment is required to ameliorate the economic disruption occasioned by a workplace injury and the loss of a regular paycheck. Id. at 137, 518 A.2d 529.
Having determined that an award of attorneys' fees is not severable from the 25% penalty and that a judge of compensation must award attorneys' fees when the respondent unreasonably or negligently delays or refuses to pay temporary disability benefits, we address the quantum of the attorneys' fees award in this case. Petitioner argues that the use of the word *470 "reasonable" grants discretion to the judge of compensation to fashion an appropriate award and further advocates the standard set forth in Rendine v. Pantzer, 141 N.J. 292, 661 A.2d 1202 (1995), and its companion case, Szczepanski v. Newcomb Medical Center, 141 N.J. 346, 661 A.2d 1232 (1995). Respondent argues that the methodology for calculating fees is governed by N.J.S.A. 34:15-64 (section 64).
The Legislature has provided that a judge of compensation "may allow to the party in whose favor judgment is entered, costs of witness fees and a reasonable attorney fee, not exceeding 20% of the judgment." N.J.S.A. 34:15-64a. An attorney for a petitioner can anticipate up to 20%, but may receive less, if the judge of compensation finds an award less than 20% is reasonable. Stated differently, the judge of compensation has the discretion to award a reasonable fee up to 20% of the judgment. Gromack v. Johns-Manville Prods. Corp., 147 N.J.Super. 131, 134, 370 A.2d 882 (App.Div.1977). The same statute also governs the award of fees to evaluating physicians and treating physicians. N.J.S.A. 34:15-64a(1) and -64a(2).
An attorney representing a petitioner will not necessarily receive 20% of the full judgment. The attorney will receive only 20% of the amount received by the petitioner net of all credits and liens, Maskell v. Mid-State Filigree System, 322 N.J.Super. 68, 73, 730 A.2d 402 (App. Div.1999), or only 20% of the difference between the benefits offered within a reasonable time from notice of the compensable event and the benefits awarded, N.J.S.A. 34:15-64c; Alvarado v. J & J Snack Foods Corp., 397 N.J.Super. 418, 424, 937 A.2d 1000 (App.Div.2008).
While section 64 contemplates that attorneys and treating and evaluating physicians can anticipate a fee award, the section also clearly provides that fee allowances for attorneys and physicians are limited, and the aggregate amount of the fee payable by the petitioner and the employer is scrutinized by the judge of compensation and must be approved by the judge in order to conserve the award to the petitioner. N.J.S.A. 34:15-64d; Gromack, supra, 147 N.J.Super. at 134, 370 A.2d 882. The usual limitation on the amount of fee awards reflects the underlying philosophy of the workers' compensation remedy that relies on prompt recognition of an employer's responsibility for workplace injuries and prompt payment of benefits. Alvarado, supra, 397 N.J.Super. at 435, 937 A.2d 1000; Gromack, supra, 147 N.J.Super. at 136, 370 A.2d 882. The judge of compensation may also impose a higher proportion of the attorneys' fees on the employer when the judge is satisfied that there has been undue delay in the recognition of liability. Gromack, supra, 147 N.J.Super. at 136, 370 A.2d 882. Moreover, when a petitioner's attorney requests a substantial fee, albeit not in excess of the allowed 20%, the fee request must be supported by an affidavit of services that demonstrates the extent of the attorney's efforts, including the time expended and "the extent of his expertise and experience in the particular medical-legal field involved and any other factor which he deems relevant to the valuation of his services." Ibid. See also Barbarevech v. Johns-Manville Prods. Corp., 143 N.J.Super. 31, 34, 362 A.2d 609 (App. Div.1976), certif. denied, 73 N.J. 58, 372 A.2d 323 (1977).
Petitioner contends her attorney should not be bound by the 20% limitation of section 64 for several reasons. She notes the very language of section 28.1 suggests the judge of compensation is not bound by the statutory limit. She also argues that the context of an enforcement proceeding to obtain benefits previously awarded and negligently or intentionally *471 delayed warrants calculation of a fee unfettered by the section 64 strictures. Moreover, petitioner notes the fee in a penalty proceeding is totally borne by the delinquent employer or insurer. Therefore, the judge is not concerned about diluting petitioner's recovery. Finally, petitioner contends a fee calculated in accordance with the methodology utilized in other fee-shifting circumstances enhances the remedy provided to petitioners confronted with delinquent payment of benefits.
Respondent argues section 64 governs the award. It urges section 64 provides an explicit method for calculation of attorneys' fees in all workers' compensation matters. It notes nothing in the language of section 28.1 or the legislative history of the statute suggests any exception to the general fee calculation scheme. Respondent also argues that section 28.1 is not a fee-shifting statute. It notes petitioner's entire argument is grounded on the use of the phrase "reasonable legal fees" in section 28.1. Respondent emphasizes that section 64 similarly uses the term "reasonable attorney fee."
Once again, we must commence our examination of this issue by reference to the language of section 28.1. The Legislature has provided that the delinquent employer shall pay a 25% penalty "plus any reasonable legal fees incurred by the petitioner as a result of and in relation to such delays or refusals." Notably, this language departs from the language employed in section 64, which not only allows a reasonable legal fee but also caps that fee. No cap is referenced in section 28.1. Moreover, the language suggests that reasonableness is bounded by the causal relation of the need to incur an attorney's fee to obtain previously awarded and expected benefits and the work required to obtain those benefits.
The sponsor's statement to the bill furthers this interpretation. Assemblyman Baer stated that the petitioner should receive "a 25% penalty plus any causally related petitioner's legal fees." Assembly Statement to A. 643 (Feb. 14, 1978). Furthermore, the State Commission of Investigation suggested that the remedy for delinquent payments should include "any causally related petitioner's legal fees," and recommended a "penalty of 25% plus any consequent legal fees incurred by the claimant...." The New Jersey State Commission of Investigation, Final Report & Recommendations on the Investigation of the Workmen's Compensation System 259 (1974) (emphasis supplied). In other words, the remedy should include a fee award that reflects the actual cost to obtain the improperly withheld benefits.
Any doubt that the attorneys' fees should reflect the actual cost to obtain the previously ordered benefits is resolved by reference to N.J.S.A. 34:15-28.2 (section 28.2). Adopted in 2008, this section provides the judge of compensation with a further remedy to address non-compliance with orders. Section 28.2 allows a judge of compensation to impose costs, simple interest, penalties, reasonable legal fees, and fines up to $5000, and to issue a contempt citation against a recalcitrant employer or insurer. Notably, this section, like section 28.1, allows reasonable legal fees with no reference to the 20% limitation of section 64. More importantly, the bill was amended during debate in the Assembly to delete language that would have limited the fee to 20% of the sum awarded to enforce the order. Senate Labor Committee, Statement to S. 1913 (June 5, 2008). The bill as adopted contains no cap on attorneys' fees. The congruence of the language between sections 28.1 and 28.2 is highly indicative that these remedial statutes are designed to provide similar remedies. The deletion of the cap in the subsequently adopted *472 remedial section is further evidence that section 28.1 legal fees are not capped at 20% of the penalty assessed.
Petitioner does not seek any enhancement of the fee as allowed by the Rendine/Szczepanski methodology. Therefore, we need not address this element.[2]
In summary, we hold that a petitioner who resorts to section 28.1 to force payment of temporary disability benefits receives not only the 25% penalty but also reasonable legal fees incurred "as a result of and in relation to [the] delay[ ] or refusal[ ]." The fee is not subject to the 20% limitation of section 64, and shall be calculated in accordance with the standard factors for constructing a fee award.
We, therefore, reverse that portion of the February 25, 2004 order denying petitioner's application for reasonable legal fees and remand for calculation of reasonable legal fees consistent with this opinion.
NOTES
[1] The February 25, 2004 order was interlocutory. Petitioner could not seek review of this interlocutory order until the matter was concluded by entry of an October 27, 2008 Order Approving Settlement.
[2] We are not persuaded that the fee enhancement feature of the methodology announced in Rendine and Szczepanski should be available in this penalty context. In Rendine and Szczepanski, the Court established a fee methodology in fee-shifting cases, such as Law Against Discrimination and Consumer Fraud Act cases, and constructed an analytical framework to recognize not only the time, effort and skill required to prevail but also the risk incurred and the opportunity losses occasioned by the case subject to the fee award.

In the enforcement context, the only risk incurred by a petitioner and the petitioner's attorney is a delay in payment, not the prospect of no payment at all. The penalty scheme adopted by the Legislature in section 28.1 mandates a fee award. The work required to file a motion to enforce payment and to assess the penalty will not preclude an attorney from taking any other work.