NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3103-17T4

LILLIAN COLLAS,

      Petitioner-Respondent,

v.

RARITAN RIVER GARAGE,
INC.

      Respondent-Appellant.

_____

APPROVED FOR PUBLICATION

July 19, 2019

APPELLATE DIVISION

Argued March 20, 2019 – Decided July 19, 2019

Before Judges Fuentes, Accurso and Moynihan.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2016-12887.

David P. Kendall argued the cause for appellant (Ann P. De Bellis, attorney; Ann P. De Bellis, of counsel; David P. Kendall, on the brief).

Richard B. Rubenstein argued the cause for respondent (Rothenberg Rubenstein Berliner & Shinrod, LLC, attorneys; Richard B. Rubenstein, on the brief).

The opinion of the court was delivered by

MOYNIHAN, J.A.D.

Appellant Raritan River Garage (Garage) appeals from that portion of an order for final judgment entered by the Division of Workers' Compensation (Division), awarding fees to counsel for respondent Lillian Collas, who, as the surviving spouse of a worker who succumbed to an occupational disease, received a compensation award of dependent benefits pursuant to N.J.S.A. 34:15-13.[1] Garage contends the judge of compensation erred when he based the calculation of attorney's fees on Collas's expected lifetime as determined from the table of mortality and life expectancy (the table) printed as Appendix I to the New Jersey Rules of Court, see Life Expectancies for All Races and Both Sexes, Pressler & Verniero, Current N.J. Court Rules, Appendix 1 at www.gannlaw.com (2019), as opposed to what Garage contends was the long-accepted basis for such calculation: a 450-week period of total permanent benefit payments. We disagree and affirm.

Some review of related statutory provisions is necessary to aid an understanding of the parties' arguments. N.J.S.A. 34:15-12(b) provides that compensation for total permanent disability shall be paid to a qualified worker for 450 weeks and may be extended beyond if the worker, after complying

---

[1] Garage did not appeal from the judge's denial of its motion to reconsider; it did not list that order in its notice of appeal or case information statement. Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 460-62 (App. Div. 2002) (declining to address an order not listed in appellant's notice of appeal or case information statement).

with any ordered rehabilitation, can show the disability caused an impossibility to obtain earnings equal to those earned at the time of the accident. Surviving dependents of a deceased worker are also granted benefits under N.J.S.A. 34:15-13. N.J.S.A. 34:15-13(i) and (j) also mention the 450-week period: section (i) allows payments to "physically or mentally deficient" dependents "during the full compensation period of 450 weeks"; some dependents are limited, under section (j), to 450 weeks of payments. Neither of those provisions apply to a surviving spouse. The only provision that did apply – providing for an offset against payable compensation for "any earnings from employment by the surviving spouse after 450 weeks of compensation [had] been paid" – was eliminated by the Legislature in 1995 when it amended section (j) to provide compensation shall be paid to a surviving spouse "during the entire period of survivorship."[2]  A. 2280 (1995). "Thus, the amendment eliminated the credit against continuing dependency benefits for earnings paid to a dependent spouse after the initial 450 week dependency period has expired." Harris v. Branin Transp., Inc., 312 N.J. Super. 38, 43 (App. Div. 1998).

---

[2] Compensation ends under section (j) if a spouse, "other than a surviving spouse of a member of the State Police or member of a fire or police department or force who died in the line of duty," remarries. N.J.S.A. 34:15-13(j).

Garage contested Collas's proposal to the judge of compensation that, based on the 1995 amendment, the counsel fees in this case should be based on her lifetime – which best estimated the amount of benefits that would be paid to her. Garage argued, as it now reprises, that the use of the table to calculate the attorney's fees was speculative because benefits upon which the fees are based may end due to a spouse's death or remarriage.

The judge of compensation distilled the issue: "Is a previously legislatively mandated 450[-]week period less speculative in terms of calculating [Collas's] true award than the life expectancy tables published in the court rules[?]" Considering Garage's claim that counsel fees were traditionally calculated using the 450-week period, the judge ruled:

> For some reason, counsel fees are to be based upon the 450[-]week initial period of disability. Given the [L]egislature's intentional deletion of similar language from this statute[,] it is clear that the award of lifetime benefits to a surviving spouse in a dependency case means exactly that; lifetime benefits. The [c]ourt cannot accept [Garage's] position that an arbitrary 450[-]week rule is less speculative than a published life expectancy table relied upon by [c]ourts in this [S]tate on a regular basis. The life expectancy tables provide the anticipated number of years that an individual will live based upon actuarial calculations as to how long people actually live. That is and should be the basis for the determination of the true benefit table in a dependency case, and should, therefore, be the basis for the calculation of the legal fee.

Garage concedes in its merits brief that, as the judge of compensation determined, a dependent spouse awarded compensation under N.J.S.A. 34:15-13 "has always been entitled to receive dependency benefits for the remainder of his or her life or until he or she remarries," not just for the initial 450-week period. Garage takes exception to the "judge's characterization of the '450[-]week rule' as 'arbitrary,'" because that time frame "is well-grounded in the language of the Workers' Compensation Act." Although Garage acknowledges that the calculations based on the 450-week period are also "speculative" because they, like the calculations based on the table, do not account for a spouse's death or remarriage, Garage contends the 450-week time frame "has the imprimatur of the Legislature as being a reasonable basis for calculating awards for total disability benefits and benefits for other dependents," and has been consistently applied by the Division.

While we often read statutes in pari materia to give effect to the Legislature's will in enacting separate laws on the same subject matter, In re Petition for Referendum on Trenton Ordinance 09-02, 201 N.J. 349, 359 (2010), we discern no link that tethers the 450-week period in N.J.S.A. 34:15-12 and portions of N.J.S.A. 34:15-13 to the calculation of counsel fees which is governed by N.J.S.A. 34:15-64. Section 64 requires that all claimants' counsel fees be approved by the judge of compensation. N.J.S.A. 34:15-64(d);

<u>Gromack v. Johns-Manville Prods. Corp.</u>, 147 N.J. Super. 131, 134 (App. Div. 1977). The judge may allow a prevailing party "a reasonable attorney fee, not exceeding [twenty percent] of the judgment." N.J.S.A. 34:15-64(a); <u>Gromack</u>, 147 N.J. Super. at 134.

The Legislature did not amend section 64 when it amended N.J.S.A. 34:15-13(j). <u>A. 2280</u>. Thus, we perceive no connection between the 1995 amendment and the counsel-fee statute. Nor do we see, even accepting Garage's premise that fees have long been calculated using the 450-week period, that section 64 mandates a judge of compensation to utilize that standard in approving fee awards under section 64. As we noted in <u>Gromack</u>:

> Our recent opinion in <u>Barbarevech v. Johns-Manville Products Corp.</u>, 143 N.J. Super. 31 (App. Div. 1976), serves as a guiding precedent. There, where the case before the Division had not been fully tried, we stated that (1) the award of counsel fees within the statutory limits is left to the discretion of the judge of compensation; (2) that discretion is not unbridled; it is limited by the requirement of N.J.S.A. 34:15-64 that the fee awarded be reasonable, and (3) although the amount of the award is a factor to be considered in fixing the fee, it has limited significance. The more important factors are the nature and extent of the services and the responsibility involved. These factors include, among other things, the need for the petition, what was really in issue, the difficulty of the issues involved, the extent and nature of the matters contested, the degree of the attorney's expertise and the value of his services to petitioner. <u>Cf.</u> <u>Detlefs v. Westfield</u>, 104 N.J. Super. 447 (App. Div. 1969).

[147 N.J. Super. at 134-35 (footnote omitted).[3]]

A judge of compensation, subject to the twenty-percent cap, may adjust a fee award and the proportional allocation thereof depending on the judge's assessment of reasonableness. Quereshi v. Cintas Corp., 413 N.J. Super. 492, 499-500 (App. Div. 2010). Indeed, Garage acknowledges in its merits brief that section 64

> makes clear that the award of an attorney's fee in every case must satisfy two requirements: 1) it must be reasonable, and 2) it must not exceed [twenty percent] of the judgment. In other words, as the Appellate Division has held on many occasions, the judge of compensation has the discretion to award a reasonable fee up to [twenty percent] of the judgment.

Considering that both the 450-week period and the table methods of calculation are subject to the vagaries of death and remarriage, we conclude the table method is not unreasonable. Utilization of the table contemplates that a lifetime award will be made to a surviving dependent spouse as required by N.J.S.A. 34:15-13. Although Rule 1:13-5, which provides that the table "shall be admissible in evidence as prima facie proof of the facts therein contained,"

---

[3] Garage did not argue in its merits brief that the judge's counsel-fee award was unreasonable because the judge did not properly consider the Gromack factors, which also included consideration of undue delay by an employer in the recognition of liability when allocating fees among the parties, 147 N.J. Super. at 135-36. That issue is, therefore, not before us. In re Certification of Need of Bloomingdale Convalescent Ctr., 233 N.J. Super. 46, 48 n.1 (App. Div. 1989) (declining to decide an issue not briefed).

A-3103-17T4

does not govern compensation courts, see R. 1:1-1, the table is a scientific tool, "derived from the National Vital Statistics Reports (NVSR)," for use in determining "average life expectancies and predicted lifespan[s]," State v. Zuber, 442 N.J. Super. 611, 627 (App. Div. 2015), rev'd on other grounds, 227 N.J. 422 (2017).

***Bottom of Form***

> The NVSR are issued by the Centers for Disease Control and Prevention (CDC). The CDC states that "[t]he National Vital Statistics System is the oldest and most successful example of inter-governmental data sharing in Public Health[.]" The NVSR's "United States Life Tables" are based on recent mortality statistics, the most recent available census information, and Medicare data.
>
> [Id. at 627-28 (alterations in original) (footnote omitted).]

It is reasonable, therefore, to use the table because it is designed to actuarially calculate the amount of time over which a surviving spouse can expect to receive benefits; in other words, it is based on the judgment amount calculated using the spouse's projected lifespan. The 450-week period, on the other hand, does not distinguish whether a surviving spouse is twenty-years old or sixty-years old. The calculation under that method will always use an expectancy of approximately 8.6 years (450 months) no matter the age of the recipient.

A-3103-17T4

In affirming, we do not hold that use of the 450-week method is improper. We previously upheld a fee award based on that method because it was "not manifestly inadequate or the product of an abuse of discretion"; we declined to address whether, after an award of dependent benefits, a petitioner's life expectancy must be considered in determining counsel fees. Cruz v. Cent. Jersey Landscaping, Inc., 393 N.J. Super. 34, 51 (App. Div. 2007), rev'd on other grounds, 195 N.J. 33 (2008). We determine only that the use of the table method was a reasonable option utilized by the judge. We recognize that using the table method will, in many cases, increase the potential size of a fee award. We thus caution against a reflexive application of a twenty-percent award without full analysis.

Garage now advances, contrary to its position that the 450-week method is the proper tool for calculating counsel fees, that "a more accurate and arguably more reasonable method of calculating the judgment upon which dependency benefits are to be paid, and upon which the attorney fee should be calculated": "base the judgment on the amount of accrued benefits due at the time of entry of the judgment." Although we observe that this method bears no relation to an award that is designed to be paid over a surviving spouse's lifetime and is subject not only to the same death and remarriage factors as the other methods but also to the caprice of the time it takes to resolve a case,

Garage concedes it did not request the judge of compensation to "employ this alternative method of calculation." We will not consider the issue on appeal. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

"[W]e will modify or set aside an attorney's fee awarded by the compensation judge only if it is manifestly excessive or inadequate and thus involves an abuse of discretion." Gromack, 147 N.J. Super. at 137. Inasmuch as: Garage does not challenge the judge's findings as to the Gromack factors; the award – less than twenty percent of the judgment – is not manifestly excessive; and the judge utilized a reasonable method of calculation, we decline to alter the award.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3103-17T4