**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1328-20

SAFET SAITI,

     Petitioner-Respondent,

v.

GARDEN HOMES,

     Respondent-Appellant.

_____

> Submitted September 12, 2022 – Decided October 11, 2022
>
> Before Judges Enright and Bishop-Thompson.
>
> On appeal from the Division of Workers' Compensation, Department of Labor and Workforce Development, Claim Petition No. 2008-4022.
>
> Mindas & Morris, LLC, attorneys for appellant (Patrick R. Mindas, on the briefs).
>
> Law Offices of Jeffrey S. Hasson, PC, attorneys for respondent (Peter M. Weiner, on the brief).

PER CURIAM

Garden Homes appeals from a December 7, 2020 order of the Division of Workers' Compensation (Division) imposing attorneys' fees, costs, and sanctions for the untimely payment of settlement proceeds after entry of a settlement order. We vacate the challenged order and remand for further proceedings.

We discern the facts from the record. Safet Saiti filed a petition with the Division in January 2009 because of a work-related back injury which occurred in December 2007, seeking benefits under the Workers' Compensation Act (WCA), N.J.S.A. 34:15-1 to -142. Garden Homes filed an answer. The parties resolved the claim, and in May 2010, a judge of workers' compensation (JWC) entered an order approving settlement of the claim for a partial total disability.

In December 2011, Saiti filed an application for a review or modification of a formal award, commonly known as a reopener, alleging his "condition [had] significantly worsened and required treatment."[1]

The parties engaged in settlement negotiations and ultimately settled the reopened claim for $66,074.25. On September 3, 2020, the JWC held a telephone conference and issued an oral decision before memorializing Garden

---

[1] Saiti reopened the claim and underwent medical treatment.

Homes' payment obligation in an order entered the same day. The order approving the settlement was signed by Saiti's counsel, Saiti, and the JWC.

Despite numerous telephone calls and emails from Saiti's counsel to Garden Homes' counsel, payment was not made. Sixty-nine days later, on November 9, 2020, Saiti moved to enforce the order because Garden Homes had not made the settlement payment. Saiti sought interest and penalties on the outstanding amount, pursuant to N.J.S.A. 34:15-28, and "an additional assessment of 25% for an unreasonable payment delay and reasonable legal fees for the [o]rder approving settlement of [September 3, 2020], N.J.S.A. 15:28-2." Garden Homes did not file opposition to the motion.

According to Sati's counsel, the JWC conducted a telephone conference on December 7, 2020.[2] As of the motion return date, Garden Homes still had not made the settlement payment. The motion record showed no oral argument or hearing was held.

The JWC issued an oral decision on December 7, 2020. Although the first page of the transcript lists the appearances of counsel, the only speaker is the judge rendering his oral decision. The JWC noted Saiti had been waiting for payment since the entry of the order approving settlement. The JWC further

---

[2] There is no transcript of the telephone conference.

3                                                              A-1328-20

noted "[i]t has not been paid within 60 days, and now 90 days." The JWC found Garden Homes had unreasonably delayed payment to Saiti; however, the JWC did not give any reasons why Garden Homes failure to timely make the payment was unreasonable.

After considering the ninety-day passage of time, and finding "[t]he actions of . . . [Garden Homes were] contrary to the New Jersey Workers' Compensation Law," the JWC ordered the following amounts to be paid by Garden Homes: (1) costs and interest on the settlement payment due; (2) "an additional assessment of [25%] of the monies due for the unreasonable payment delay to the petitioner," with $16,287 payable to Saiti; (3) $4,000 in attorneys' fees payable to Saiti's counsel; and (4) $5,000 in penalties, payable to the Second Injury Fund. The JWC also ordered additional legal fees of $2,188 to Saiti's counsel, representing "reasonable legal fees incurred in connection with the enforcement of [the September 3] order"; and $125 in court reporter costs. The JWC subsequently entered a written order memorializing his oral decision.

This appeal followed. Garden Homes argues the JWC abused his discretion in awarding the described penalties and sanctions without affording counsel the opportunity to be heard.

A-1328-20

It is evident that "our review of workers' compensation decisions is 'limited to whether the findings made could have been reached on sufficient credible evidence present in the record.'" Hager v. M&K Const., 246 N.J.1, 12 (2021) (quoting Hersh v. County of Morris, 217 N.J. 236, 242 (2014)). Thus, we review the workers' compensation court's factual and credibility findings with "substantial deference." Goulding v. NJ Friendship House, Inc., 245 N.J. 157, 167 (2021). However, "the judge of compensation's legal findings are not entitled to any deference and, thus, are reviewed de novo." Hersh, 217 N.J. at 243.

We recognize "the workers' compensation system has been carefully constructed by our Legislature in a manner that serves to protect the rights of injured employees to receive prompt treatment and compensation." Stancil v. Ace USA, 211 N.J. 276, 277 (2012). "[P]rompt payment is required to ameliorate the economic disruption occasioned by a workplace injury and the loss of a regular paycheck is recognized by our courts." Quereshi v. Cintas Corp., 413 N.J. Super. 492, 499 (App. Div. 2010).

A-1328-20

The WCA does not establish a specific timeframe for payment of workers' compensation settlement proceeds.[3] Nonetheless, the Division has the statutory authority to impose penalties for the failure to timely comply with an order of a JWC. See N.J.S.A. 34:15-28.2. The corresponding administrative regulation, N.J.A.C. 12:235-3.16, also allows a JWC to "impose an additional assessment not to exceed [25%] on any moneys due if the judge finds the payment delay to be unreasonable." Id. The regulation provides the following framework when seeking enforcement:

> (a) A party may, by written motion . . . move against an employer . . . for enforcement of any court order[.]
>
> . . . .
>
> (e) Any time after the [fourteen]-day period to respond . . . has elapsed and on notice to the parties, the judge shall hold a hearing on the motion.
>
> . . . .
>
> (h) Upon a finding by a judge of noncompliance with a court order . . . the judge, in addition to any other remedy provided by law, may[:]
>
> . . . .

---

[3] N.J.S.A. 34:15-28 gives the Division discretion to assess interest on any "lawful compensation . . . withheld from an injured employee or dependents for a term of [sixty] or more days following entry of a judgment or order[.]"

A-1328-20

(2) Levy fines or other penalties on parties . . . in an amount not to exceed $5,000 for unreasonable delay or continued noncompliance.

. . . .

(iii) The proceeds under this paragraph shall be paid into the Second Injury Fund;

. . . .

(6) Allow a reasonable counsel fee to a prevailing party, where supported by an affidavit of services.

The statute and regulations were designed to "address circumstances in which insurance carriers flout compensation judges' orders[.]" Stancil v. ACE USA, 418 N.J. Super. 79, 88 (App. Div. 2011), aff'd, 211 N.J. 276 (2012); Flick v. PMA Ins. Co., 394 N.J. Super. 605, 613 (App. Div. 2007). However, a JWC is permitted to impose a sanction after following "[s]pecific and clearly defined procedures[.]" Stancil, 418 N.J. Super. at 91.

Having reviewed the parties' arguments in light of the record and the applicable legal principles, we are unable to determine whether the imposition of penalties and assessments under the December 7 order was reasonable. Accordingly, we are constrained to vacate this order and remand for further proceedings.

We are satisfied it was a mistaken abuse of discretion to enter an order awarding sanctions without permitting counsel to be heard and without findings as to why the payment delay was unreasonable. "N.J.S.A. 34:15-28.2(a) permits the JWC to enforce his or her previously entered order requiring payment when that payment is unreasonably delayed." Ripp v. Cty. of Hudson, 472 N.J. Super. 600, 610 (App. Div. 2022). Despite Garden Homes' failure to explain why payment was delayed to Saiti following the entry of the September 3 order, we conclude the JWC was obliged "to consider 'the length of the delay, as well as the size of the late payment,' and by implication, the effect a sizeable payment that is delayed beyond its due date[] would . . . have upon a petitioner and his . . . family." Id. at 611 (quoting State Comp. Ins. Fund v. Workers' Compensation Appeals Bd., 959 P.2d 1204, 1211 (Cal. 1998).

On remand, the JWC shall conduct a hearing and consider the steps taken by Saiti's counsel to secure payment within sixty days of the entry of the September 7, 2020 order; the JWC also is free to consider Garden Homes' lack of response to the numerous inquiries from Saiti's counsel seeking payment.

Vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION