**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3310-17T3

SHIRLEY RAMELLA,

     Petitioner-Respondent,

v.

BOROUGH OF SEASIDE HEIGHTS,

     Respondent-Appellant.

_____

        Submitted January 10, 2019 – Decided April 8, 2019

        Before Judges Whipple and DeAlmeida.

        On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition Nos. 2007-31369 and 2009-2736.

        Gilmore & Monahan, PA, attorneys for appellant (Denis P. Kelly, on the brief).

        Bagolie-Friedman, LLC, attorneys for respondent (Alan T. Friedman and Eric S. Ruiz, on the brief).

PER CURIAM

Respondent, Borough of Seaside Heights, appeals from the February 20, 2018 order of the Division of Workers' Compensation (Division) imposing a penalty, attorney's fees, and costs for the late payment of benefits after settlement of a claim.  We reverse.

I.

The following facts were derived from the record.  On November 20, 2007, John Ramella, a Borough employee, filed a workers' compensation claim alleging he suffered injuries to his lungs as the result of exposure to deleterious substances while at work.  On November 8, 2008, before his claim was resolved, John[1] died of respiratory failure.  After his death, John's wife, petitioner Shirley Ramella, filed an amended dependency claim petition alleging John died from chronic obstructive lung disease as the result of exposure to asbestos at work.  The Borough disputed a causal relationship between John's illness and death, and the conditions he encountered during this employment.

During John's approximately fifteen-year employment, the Borough had four workers' compensation insurance carriers.  In addition, there is a period of John's employment for which the Borough's insurance coverage is in dispute.

---

[1]  We use first names because the Ramellas share a last name.  No disrespect is intended.

A-3310-17T3

On August 15, 2017, the parties reached a lump-sum settlement in the amount of $50,000. Each insurance carrier assumed responsibility for the portion of the settlement attributable to the period for which they provided coverage to the Borough. The Borough agreed to pay $7500 of the settlement attributable to the period for which its insurance coverage is in dispute. The Borough's payment obligation was memorialized in an August 15, 2017 order of a judge of compensation. The order does not establish a timeframe for payment of the settlement amount to Shirley.

As a public entity, the Borough is subject to the Local Fiscal Affairs Law, N.J.S.A. 40A:5-1 to -50. Pursuant to that statute, before a public entity may disburse public funds, it must secure a voucher detailing the claim signed by the intended payee. N.J.S.A. 40A:5-16. On August 22, 2017, one week after the August 15, 2017 order, the Borough sent Shirley a purchase order, intended to function as a payment voucher, for her signature as intended payee of $7500. Shirley did not sign the voucher or return it to the Borough.

Neither Shirley nor her counsel contacted the Borough or its counsel seeking payment of the $7500. It was the Borough's counsel, after being notified by Borough officials that Shirley had not returned the voucher, who reached out to Shirley's counsel seeking assistance in having her sign the voucher. In

3

January 2018, Shirley executed the voucher and returned it to the Borough.  It is undisputed that the Borough paid Shirley $7500 promptly after receipt of the signed voucher.

On January 8, 2018, after Shirley signed the voucher, but prior to the Borough's issuance of payment, her counsel moved to enforce the August 15, 2017 order.  Before the return date of the motion, the Borough had paid Shirley.

On February 20, 2018, counsel appeared before the judge of compensation on Shirley's motion.  The judge took no testimony and issued an oral opinion imposing a penalty on the Borough pursuant to N.J.S.A. 34:15-28.2 and N.J.A.C. 12:235-3.16.  The judge found that the Borough had unreasonably delayed payment to Shirley because it should have prepared the voucher and obtained her signature during the eight years that her claim was pending.  In addition, the judge found that the Borough's counsel should have brought the voucher with him on August 15, 2017, when the settlement was brought before the judge for approval.  The judge did not make findings of fact with respect to Shirley's failure to sign the voucher, her counsel's failure to make any inquiry with respect to whether Shirley had received the payment, or the speed with which the Borough paid Shirley once her signature was obtained.  In reaching her decision, the judge cited the holding in Amorosa v. Jersey City Welding & Machine

Works, 214 N.J. Super. 130 (App. Div. 1986), for the proposition that a thirty-day delay in complying with an order of the Division "creates a rebuttable presumption of negligence.  That it is negligent, and that a penalty should be imposed."

The judge imposed a penalty of $5000 payable to the Second Injury Fund, the maximum amount permitted by N.J.S.A. 34:15-28.2(b) and N.J.A.C. 12:235-3.16(h)(2).  The penalty represents approximately sixty-seven percent of the amount the Borough owed Shirley.  In addition, the judge awarded Shirley's counsel $500 in attorney's fees.  The record does not contain an affidavit of services and no reference was made by the judge to such an affidavit.  The judge made no findings with respect to the reasonableness of the attorney's hourly rate or the number of hours expended on the motion.  Finally, the judge assessed against the Borough a $90 stenographic fee.

The judge entered a February 20, 2018 order memorializing her decision. On April 24, 2018, the judge denied the Borough's motion for reconsideration and a stay.

This appeal followed.  The Borough argues the penalty is not supported by the record because: (1) it was Shirley's failure to execute the voucher, and not any action of the Borough, that delayed payment; (2) no demand was made

5

by Shirley or her counsel for payment from the Borough after the voucher was sent to Shirley; (3) it was the Borough's proactive efforts to secure Shirley's signature that resulted in issuance of the payment to her; and (4) the penalty is excessive in light of the circumstances.

II.

"Our analysis begins by noting that the scope of appellate review of factual findings by a judge of compensation is limited." Renner v. AT&T, 218 N.J. 435, 448 (2014). "An appellate court reviews a final agency decision with deference, and will not reverse the ultimate determination of an agency unless the court concludes that it was 'arbitrary, capricious or unreasonable, or that it lacked fair support in the evidence[.]'" In re Freshwater Wetlands Gen. Permit No. 16, 379 N.J. Super. 331, 341 (App. Div. 2005) (quoting Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)). "Courts extend substantial deference to an agency's interpretation of its own regulations." Ibid.

"[T]he workers' compensation system has been carefully constructed by our Legislature in a manner that serves to protect the rights of injured employees to receive prompt treatment and compensation." Stancil v. Ace USA, 211 N.J. 276, 277 (2012). We have recognized "that prompt payment is required to ameliorate the economic disruption occasioned by a workplace injury and the

loss of a regular paycheck." Quereshi v. Cintas Corp., 413 N.J. Super. 492, 499 (App. Div. 2010).

There is no statute establishing a specific timeframe for payment of workers' compensation settlement proceeds.[2] The Division may, however, impose penalties for failure to comply with an order of a judge of compensation. According to N.J.S.A. 34:15-28.2:

> If any employer . . . fails to comply with any order of a judge of compensation . . . a judge of compensation may, in addition to other remedies provided by law:
>
> . . . .
>
> (b) Impose additional fines and other penalties on parties or counsel in an amount not exceeding $5,000 for unreasonable delay, with the proceeds of the penalties paid into the Second Injury Fund;
>
> . . . .
>
> (f) Take other actions deemed appropriate by the judge of compensation with respect to the claim.
>
> [N.J.S.A. 34:15-28.2.]

The Division promulgated a regulation effectuating this statutory provision. According to N.J.A.C. 12:235-3.16:

---

[2] N.J.S.A. 34:15-28 gives the Division discretion to assess interest on any "lawful compensation . . . withheld from an injured employee or dependents for a term of [sixty] or more days following entry of a judgment or order[.]"

(a)    A party may, by written motion . . . move against an employer . . . for enforcement of any court order[.]

. . . .

(e)    Any time after the [fourteen]-day period to respond . . . has elapsed and on notice to the parties, the judge shall hold a hearing on the motion.

. . . .

(h)    Upon a finding by a judge of noncompliance with a court order . . . the judge, in addition to any other remedy provided by law, may[:]

. . . .

(2)    Levy fines or other penalties on parties . . . in an amount not to exceed $5,000 for unreasonable delay or continued noncompliance.

. . . .

(iii)    The proceeds under this paragraph shall be paid into the Second Injury Fund;

. . . .

(6)    Allow a reasonable counsel fee to a prevailing party, where supported by an affidavit of services.

The statute and regulation are designed "to address circumstances in which insurance carriers flout compensation judges' orders[.]" Stancil v. ACE USA, 418 N.J. Super. 79, 88 (App. Div. 2011), aff'd, 211 N.J. 276 (2012); Flick v. PMA Ins. Co., 394 N.J. Super. 605, 613 (App. Div. 2007). Imposition of a

sanction is permitted after a workers' compensation judge follows "[s]pecific and clearly defined procedures[.]" Stancil, 418 N.J. Super. at 91.

Having carefully reviewed the Borough's arguments in light of the record and applicable legal principles, we conclude that the imposition of a $5000 penalty is not supported by substantial credible evidence and was based on erroneous legal conclusions.

We begin our analysis with the observation that our review of the February 20, 2018 order was hampered by an absence of findings of fact with respect to: (1) when Shirley received the voucher; (2) when the Borough's counsel reached out to Shirley's counsel for assistance in securing her signature; (3) what, if any, steps Shirley's counsel took to ensure that his client had received payment from the Borough; (4) why Shirley's counsel moved to enforce the August 15, 2017 order only after he was notified by the Borough that Shirley had not signed the voucher; and (5) whether Shirley was present when the settlement was placed on the record.

As noted above, N.J.A.C. 12:235-3.16(e) requires a judge of compensation to hold a hearing prior to assessing a penalty for failure to comply with an order. The evident purpose of the hearing requirement is to permit the judge to review testimony and other evidence to make findings of fact necessary

to determine whether a penalty is warranted. Here, no witnesses gave testimony and no documents or other evidence were admitted into the record before the penalty was assessed.

In addition, the judge's reliance on the holding in Amorosa was misplaced. That opinion interprets N.J.S.A. 34:15-28.1, which provides:

> If a self-insured or uninsured employer . . . unreasonably or negligently delays or refuses to pay temporary disability compensation . . . it shall be liable to the petitioner for an additional amount of [twenty-five percent] of the amounts then due plus any reasonable legal fees incurred by the petitioner as a result of and in relation to such delays[.] A delay of [thirty] days or more shall give rise to a rebuttable presumption of unreasonable and negligent conduct on the part of a self-insured or uninsured employer[.]
>
> [(Emphasis added).]

The statute applies only to temporary disability benefits. See Stancil, 418 N.J. Super. at 84. Thus, the negligence standard and the thirty-day rebuttable presumption of negligent conduct established in N.J.S.A. 34:15-28.1 and recognized in Amorosa are not applicable here.

Moreover, the Legislature enacted N.J.S.A. 34:15-28.2 to address circumstances not covered by N.J.S.A. 34:15-28.1. Id. at 81-82. Although aware of N.J.S.A. 34:15-28.1, the Legislature did not include either a negligence standard or a specified period of delay creating a rebuttable presumption that a

10

penalty is warranted. Instead, N.J.S.A. 34:15-28.2(b) authorizes a penalty only where payment is unreasonably delayed. In order to impose a penalty under the statute it is necessary for the judge of compensation to make a reasonableness determination not tied to the thirty-day period established in N.J.S.A. 34:15-28.1 or concepts of negligence.

Here, it was entirely reasonable for the Borough to send Shirley a voucher for her signature. The Borough, bound by N.J.S.A. 40A:5-16, see Maltese v. Twp. of N. Brunswick, 353 N.J. Super. 226, 238 (App. Div. 2002), sent the voucher just one week after entry of the August 15, 2017 order. We do not agree with the judge's observation that the Borough could have prepared the voucher and secured Shirley's signature during the eight years that her amended claim petition was pending. During that time, the Borough was contesting Shirley's right to recovery and its insurance coverage was in dispute. It was not certain until the settlement was reached whether, and in what amount, the Borough would be directly responsible to Shirley.

We are also not persuaded by the judge's conclusion that the Borough should have brought the voucher to the hearing at which the settlement was presented for approval. No findings of fact were made with respect to whether Shirley attended the hearing. It is not clear, therefore, that her signature on a

voucher could have been obtained that day. Moreover, pursuant to N.J.S.A. 34:15-20, a judge of compensation, after hearing testimony and/or reviewing stipulations of the parties, must determine that a settlement is "fair and just under all the circumstances" before entering an order requiring the payment of settlement proceeds by an employer. The Borough, therefore, did not have an order authorizing the expenditure of its funds until after the hearing at which the settlement was approved.

Finally, the judge did not consider the inaction of Shirley and her counsel after her receipt of the voucher, the affirmative acts of the Borough's counsel in seeking Shirley's signature, or his client's prompt payment once it obtained the signed voucher, when deciding whether a penalty was warranted. This is not a situation in which the employer acted with "no explanation for the delay in making payment," after repeated inquiries by the employee's counsel seeking payment. See Amorosa, 214 N.J. Super. at 133. At best, both parties could have been more vigilant in obtaining Shirley's signature on the voucher.

Having determined that the $5000 penalty is not supported by the record, we also vacate the award of attorney's fees and costs against the Borough. We need not determine whether the penalty was excessive.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-3310-17T3